UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:12CV-P12-M

**MARQUEE FAULKNER**                                                                       **PLAINTIFF**

**v.**

**JOE BLUE** *et al.*                                                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

On October 1, 2012, the Court conducted an initial review of Plaintiff Marquee Faulkner's *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review, the Court dismissed the official-capacity claims against all Defendants and provided Plaintiff with an opportunity to amend the complaint to sue Defendants in their individual capacities. Plaintiff filed an amended complaint, which is now before the Court on initial review. For the reasons that follow, the Court will dismiss the federal claims against Defendant Joe Blue and dismiss the state-law claim against all Defendants; will allow the Eighth Amendment claims to proceed against Defendants Lewis, Conrad, and Nurse Michelle; and will direct Plaintiff to complete and return summons forms for those remaining Defendants.

**I. SUMMARY OF CLAIMS**

In the amended complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff sues the following Hopkins County Jail officers and employees in their individual capacities: Jailer Joe Blue, Captain Doe Lewis, Corporal Doe Conrad, and Nurse Michelle. He alleges deliberate indifference to a serious medical need under the Eighth Amendment to the U.S. Constitution and the denial of necessary medical care under Ky. Rev. Stat. § 441.045.

Factually, Plaintiff reports that when getting down from the top bunk on July 16, 2011, he felt a "real sharp pain coming from the right side of my hip." As he walked, he became dizzy, and as he was trying to get back in his bunk, he passed out. Other inmates hit the emergency button, and when Plaintiff awoke, several officers and Nurse Michelle were at his aid. Nurse Michelle asked Plaintiff questions and checked his pulse. Plaintiff advised her that he had sharp pains coming from a bump on his hip that had grown within a four-day period. When Plaintiff showed her the bump, he noticed that it had started leaking blood and pus and knew that this needed medical attention. Nurse Michelle, however, advised him to take it easy, to take a few days off of work, and to submit a sick-call sheet. Plaintiff was placed in a chair and rolled from cell 108 and placed in cell 223 for one hour. He was then returned to cell 108, where he stayed in his bunk for two days in pain, during which time he asked several officers for bandaids and a sick-call sheet but was refused. Since he did not get any help, he decided to go to work to try to catch the nurse.

While at work, claims Plaintiff, he was "maliciously denied medical treatment by Corporal Conrad." When he got to work, Plaintiff told Corporal Conrad that he had a medical issue that needed treatment and showed Corporal Conrad the cyst on his leg that "was bleeding and leaking poison." Plaintiff told Corporal Conrad that he was using toilet paper to keep it from getting on his uniform. Corporal Conrad stated that he would take Plaintiff to the nurse, but instead of doing so, he put Plaintiff in the laundry room with the other workers. Plaintiff asked if he could at least have some bandaids to which Corporal Conrad replied in the affirmative and then shut the laundry room door. Corporal Conrad then told Plaintiff to go out into the hallway and sweep and pick up trash. After finishing his tasks, Plaintiff was told to return to the laundry

room. As Plaintiff sat in the laundry room in pain, he saw Corporal Conrad walk past several times. At one point, Plaintiff advised Corporal Conrad that his leg was bleeding even more and needed treatment, but Corporal Conrad ignored him. At 4:00 a.m. a nurse was on the walk for "med call." When Plaintiff asked Corporal Conrad if he could grab some bandaids from the nurse, "Corporal Conrad opened the laundry room door and aggressively demanded that I step out of the laundry room. He begin to yell and scream at me . . . saying 'If I asked him again, he was going to lock me down and all you are doing is making it harder on yourself.'" Plaintiff then asked Corporal Conrad if he could see the nurse who was still giving pills out to cell 104. Corporal Conrad told Plaintiff that the nurse could not see him and that "it wasnt his problem."

After work, when Plaintiff was being placed back in cell 108, he asked Corporal Conrad for a grievance and sick-call sheet but was refused both. Over the next couple of days, Plaintiff asked several walk officers for grievances and a sick-call sheet without response. Finally, Plaintiff got a sick-call sheet from another inmate, and Officer O'Rally gave him a grievance form. Plaintiff reports filling out grievances but receiving no treatment. He also reports submitting a sick-call sheet but receiving no response.

Sometime thereafter, on one occasion on the way back from recreation, Plaintiff stopped Nurse Michelle while she was on pill-call duty and asked her for some bandaids or some type of treatment for his hip but was told to go to his cell.

Plaintiff reports filing several more grievances and grievance appeals hoping to get medical treatment and help from the jailer to no avail. He states that he was told by Captain Lewis that his medical problems were not serious and that as long as he was walking on his own

two feet, it was not an emergency. Plaintiff reports appealing the grievances but that Jailer Blue "agreed with what was going on."

Plaintiff reports that this denial of medical treatment lasted for several weeks, during which time he had to take care of himself with help from other inmates who gave him bandaids and sterilized pads. Weeks later, Plaintiff got another cyst on the left side of his hip. When he told officers about it, they gave him a sick-call sheet. That same day, Plaintiff was examined by an unnamed nurse. He was removed from his work-cell pod and placed in the segregation unit, where he stayed for ten days during which time he was given pills. After release from segregation, he went back to work, and two-weeks later, he was transferred to another facility. Plaintiff reports that he still has scars and emotional distress from this incident.

As relief, Plaintiff seeks $1.2 million in damages.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a

claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### A. 42 U.S.C. § 1983

##### 1. Jailer Joe Blue

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d

888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Plaintiff fails to allege that Defendant Blue was directly involved in the alleged denial of medical treatment. Instead, he alleges that a grievance was appealed to Defendant Blue, who "agreed with what was going on." However, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d at 300). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."); *Martin v. Harvey*, 14 F. App'x 307,

309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

Because Plaintiff fails to identify any active unconstitutional behavior on the part of Defendant Blue, he has failed to state a claim upon which relief may be granted against Defendant Blue, warranting dismissal of the claims against him.

### 2. *Captain Lewis, Corporal Conrad, and Nurse Michelle*

Upon consideration, the Court will allow the Eighth Amendment claims of deliberate indifference to a serious medical need to continue against these Defendants in their individual capacities.

### B. *State-law claim*

Plaintiff alleges that "Defendants also denied 'neccessary medical care' under a state statue - Ky. Rev. Stat. § 441.045." He does not, however, indicate under which of the fifteen sections of that statute he seeks relief. Further, "KRS 441.045 principally concerns payment for the costs associated with medical, dental and psychological care of inmates in the county jail." *Cnty. of Harlan v. Appalachian Reg'l Healthcare, Inc.*, 85 S.W.3d 607, 610 (Ky. 2002). Under KRS § 441.045(13)(c), "[a] state prisoner shall not be denied medical treatment because he or she has insufficient funds in his or her inmate account," but Plaintiff makes no allegation that he was denied treatment due to the lack of funds. Finding that Plaintiff has set forth no factual basis for relief under KRS § 441.045, that state-law claim will be dismissed.

## IV.  ORDER

For the reasons above, and being otherwise sufficiently advised,

**IT IS ORDERED** that the federal claims against Defendant Joe Blue and the state-law claim under KRS § 441.045 against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is DIRECTED** to terminate Defendant Joe Blue as a party to this action.

**IT IS FURTHER ORDERED** that the Eighth Amendment claims will proceed against Defendants Captain Lewis, Corporal Conrad, and Nurse Michelle.

Before the Court enters a Scheduling Order governing the development of the continuing claims, **IT IS ORDERED that within 30 days of the entry date of this Memorandum Opinion and Order, Plaintiff must complete and return a summons form for each remaining Defendant – Captain Lewis, Corporal Conrad, and Nurse Michelle.**  The Court offers the following guidance to Plaintiff in his completion of the summons form:  (1) write or type Defendant's name and address on the summons in the space provided; (2) write or type Plaintiff's name in the space provided; (3) **do not** fill in any other part of the summons form and **do not** mail the summons to Defendant.

The **Clerk of Court is DIRECTED** to send Plaintiff three blank summons forms for his completion and a *Pro Se* Prisoner Handbook.

Date:  January 23, 2013

                                             **Joseph H. McKinley, Jr., Chief Judge**
                                             **United States District Court**

cc: Plaintiff, *pro se*
     Defendants
     Hopkins County Attorney
4414.005